indictment; and give such a verdict as shall comport with evidence and law.

Verdict, guilty.

## Case No. 15,271.

### UNITED STATES v. GURNEY et al.

[1 Wash. C. C. 446.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.[2]

PLEADING AT LAW—PLEAS—DUPLICITY.

Double pleading. Action on a bond, for the payment of certain sums of money at Amsterdam. Plea, that the money was paid. Replication, that the sum paid was not accepted in satisfaction by the agents of the plaintiffs; that the sum was not paid on the day appointed; and that damages and interest, due for non-payment, were not paid. Adjudged, that these pleas were bad, for duplicity.

The defendants entered into a bond to the secretary of the treasury, conditioned to perform certain covenants, by which the defendants agreed to pay 500,000 guilders to the bankers of the United States, in Amsterdam, by three instalments, viz.: one sum on the 1st of February, another on the 1st of March, and the residue on the 1st of May; and on failure, then to pay the amount not so paid in Amsterdam, into the treasury of the United States, with damages at the rate of twenty per cent, and interest from the time of demand; in the same manner, as if a bill of exchange had been drawn, which had been protested for non-payment, and returned duly protested. The breach in the declaration is general; plea, that the first instalment was duly paid, and that the residue of the 500,000 guilders was, on the 17th May, paid to the bankers of the United States at Amsterdam. Replication, that the sum which became due on the 1st March, was not accepted by the bankers of the United States, in payment and satisfaction of the said sum, due on the 1st March, and concluding to the country; and the plaintiff, in fact, says, that the said sum was not paid on the 1st of March, and that the damages and interest were not paid; concluding with an averment, or to the country. Special demurrer to the replication, for duplicity.

Mr. Dallas, for the United States.
Rawle & Tilghman, for defendants

BY THE COURT. The replication is certainly double, as either non-payment on the day, or non-acceptance in satisfaction, is an answer to the plea, though perhaps not a legal one; but if not so, both together cannot be. They are perfectly distinct matters, and not the component parts of a plea. But, as this determination would require us to decide upon the validity of the bar set up to the plea, which is attended with great difficulty, we think it best to adjourn the cause to the supreme court, upon a disagreement of the judges; which, however, is not real.

This opinion affirmed by the supreme court, February, 1808. [4 Cranch (8 U. S.) 333.]